**NOT FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOR MARIA CARRASCO, AKA Flor Mancillas-Rosas, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72519 <br><br> Agency No. A073-870-152 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2014[**]
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Flor Maria Carrasco petitions for review of a final order of removal from the

Board of Immigration Appeals ("BIA"). The BIA upheld the Immigration Judge's

("IJ") denial of Carrasco's application for deferral of removal under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The record does not compel the conclusion that Carrasco is more likely than not to be tortured in Mexico for having received a reduced sentence on her 2007 drug conviction.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) ("We must uphold the BIA's determination unless 'the evidence not only supports, but *compels* the conclusion that the . . . decision was incorrect.'"); 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a) (requiring applicant for deferral of removal to prove that torture is more likely than not).  Nor does the record compel the conclusion that any such torture would be accomplished with the consent or acquiescence of someone acting in an official capacity.  *See* 8 C.F.R. § 1208.18(a)(1).  The record of Carrasco's sentencing does not indicate that she was given a reduced sentence because she cooperated with prosecutors, but rather because of a potential disparity with her co-defendant's sentence.  Carrasco presented no specific evidence to the IJ that anyone in Mexico has threatened her or is even aware of the fact that she received a reduced sentence.  Without non-speculative evidence of a risk of torture, Carrasco did not satisfy her burden to prove that she is more likely than not to be tortured.  *See Matter of M-B-A-*, 23 I & N Dec. 474, 479–80 (BIA 2002).

**PETITION FOR REVIEW DENIED.**

2